**Betty J. MAGEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–08184.**

Court of Appeals of Alaska.

June 20, 2003.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### Order

In *Magee v. State*, Alaska App. Opinion No. 1876, 77 P.3d 732, 2003 WL 21230948 (May 23, 2003), we reversed Magee's conviction because we concluded that the anticipatory warrant authorizing the search of Magee's residence was unlawful. Specifically, we held that the contingency that triggered the officers' authority to conduct the search was not defined in the warrant with sufficient clarity and precision to meet constitutional requirements. *Id.*, slip opinion at pages 9–12, 736–737.

The State has now petitioned us for rehearing, asserting that this issue was not properly before this Court.

The State notes that Magee's appeal arose from a *Cooksey* plea; that is, Magee pleaded no contest to the criminal charge while reserving her right to assert that the search warrant was issued improperly. The State asserts that, although Magee preserved some attacks on the search warrant when she en-

tered her *Cooskey* plea, she did not preserve the claim that the contingency described in the warrant was unlawfully imprecise. The State further asserts that, because this exact claim was not preserved, "this issue ... was not briefed by the parties ... on appeal". Finally, the State complains that, because this issue was not briefed on appeal, the State lost the opportunity to argue that, even if the warrant was invalid, the evidence obtained pursuant to that warrant might yet be admissible under the theories of good faith or inevitable discovery.

When an appeal comes to this Court pursuant to a *Cooksey* plea, we normally do not engage in a *sua sponte* examination of the trial court proceedings to see if the issues raised on appeal comport with the issues preserved when the plea was entered. We trust that, if the defendant deviates from those preserved issues, the State will tell us.

In Magee's case, the State did not complain (until now) that Magee was attempting to argue an issue that was not preserved. More importantly, and contrary to the State's assertion in its petition for rehearing, the State *did* brief the issue of whether the contingency described in the warrant was sufficiently definite to pass constitutional muster. Pages 15 through 17 of the State's brief are devoted to the issue of whether the contingency described in the warrant was sufficiently specific and objectively identifiable. The State did not argue that Magee was attempting to inject an unpreserved issue into the appeal; rather, the State acknowledged the issue and briefed the merits of this issue.

Moreover, because the State acknowledged this issue and briefed it, we do not agree that the State had no fair opportunity to argue in the alternative that, even if the contingency was invalid, the evidence obtained pursuant to the warrant might still be admissible under the doctrines of good faith or inevitable discovery. Because the State recognized and briefed the issue of whether the contingency was valid, the State was on notice that it might lose this issue and that, if there were alternative arguments to be made, it was time to make them.

For these reasons, the State's petition for rehearing is DENIED.

Entered at the direction of the Court.